IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEROY A. HAWKINS, #217772 | * |
| Petitioner | * |
| v. | * CIVIL ACTION NO. GLR-13-2356 |
| TYRONE CROWDER, *Warden*, et al. | * |
| Respondents | * |

\*\*\*

## MEMORANDUM

On August 13, 2013, this court-construed hybrid 28 U.S.C. § 2241 Petition for habeas corpus and 42 U.S.C. § 1983 civil rights action was received for filing from Leroy A. Hawkins ("Hawkins"). At the time he filed his action, Hawkins was detained at the Maryland Reception Diagnostic and Classification Center ("MRDCC"). The action challenged the failure to provide Hawkins "due process" by affording him a swift parole revocation hearing in light of his May 3, 2013 arrest on a parole retake warrant. ECF No. 1. Hawkins sought immediate release and monetary compensation for each day of his confinement. Id.

The Respondents have filed a Motion to Dismiss, to date, the Court has no record that a response has been filed.[1] See ECF No. 5. A hearing is unnecessary. See Local Rule 105.6 (D. Md. 2011). For reasons to follow, the Motion to Dismiss shall be granted and the case shall be dismissed without prejudice.

There is no dispute that on August 26, 2013, Hawkins appeared before a Parole Commissioner and was continued in mandatory supervision. ECF No. 5 at Ex. 1. He was released

---

[1] In the alternative, Respondents seek a 60-day extension of time to file further briefing in the case. Further briefing is unnecessary in light of the decision of the Court. Respondents' alternative motion shall be denied as moot.

from confinement that same day. Id. at Ex. 2. Inasmuch as Hawkins has received the habeas relief sought and has not provided the Court his current address in compliance with Local Rule 102.1.b.iii, the Petition is subject to dismissal.[2]

For the foregoing reasons, Hawkins's hybrid Petition/Complaint shall be dismissed without prejudice. A separate Order follows.

October 16, 2013  /s/
_____
George L. Russell, III
United States District Judge

---

[2] To the extent Hawkins seeks compensatory damages, the hybrid 42 U.S.C. § 1983 civil rights component of his action shall be dismissed without prejudice. He is free to file a straightforward civil rights complaint for damages should he so choose.